PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 1999 Jeep Cherokee struck a branch from a free that was overhanging the roadway while claimant Chastity Dillon was traveling on County Route 4 in Monroe County. County *231 Route 4 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred around 9:00 a.m. on June 28, 2004. County Route 4 is a one-lane road with gravel shoulders on both sides of the road at the area of the incident involved in this claim. Claimant Chastity Dillon testified that she was driving on County Route 4 when she had to drive her vehicle onto the right shoulder to make room for a vehicle approaching in the opposite lane. Ms. Dillon testified that she saw some leaves overhanging the roadway. When she drove her vehicle under the leaves, a branch struck the comer of the vehicle’s windshield, cracking the windshield. She testified that the branch also dented the upper portion of the vehicle’s roof. Claimants’ vehicle sustained damage totaling $671.30. Claimants’ insurance deductible was $500.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 4 at the site of the claimant’s accident for the date in question.
Marion Bradley, supervisor for the respondent in Monroe County, testified that he had no prior knowledge of a tree branch overhanging County Route 4. Mr. Bradley stated that County Route 4 was a one lane road that was about 15 feet wide. He stated that after Ms. Dillon contacted him about the branch, he had a crew drive to the area of claimant’s incident and cut down the branch.
The well-established principle of law in W est Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the branch overhanging the roadway which claimants’ vehicle struck and that the branch presented a hazard to the traveling public. County Route 4 is a one lane road where drivers must use the shoulders if there is another vehicle that is passing. The location of the branch over the travel portion of the road leads the Court to conclude that respondent had notice of this hazardous condition and that respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimants may make a recovery for the damage to their vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimants in this claim in the amount of $500.00, their insurance deductible.
Award of $500.00.